IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                          Case No. 4:10-CR-00013-2 BSM

RODNEY D. BROWN                                                                  DEFENDANT

## ORDER

Rodney Brown's motion for reconsideration [Doc. No. 445] is granted. Upon reconsideration, his motion for compassionate release [Doc. No. 437] is denied.

### I. BACKGROUND

Brown was sentenced to 240 months imprisonment in March, 2013, for one count of conspiracy to possess with intent to distribute a cocaine-based substance. Brown has a long history of drug use. Resp. Mot. Compassionate Release at 18–19, Doc. No. 442. He was sentenced as a career offender and has been a supplier of cocaine in Arkansas. *Id.* at 1.

Brown is incarcerated at Forrest City Federal Correctional Institution's low security facility. He has hypertension, high cholesterol, and has been diagnosed as obese. Mot. Compassionate Release at 9, Doc. No. 437. He asserts that conditions at Forrest City are deplorable and that he is at risk of contracting COVID-19 if he remains in prison. *See id.* at 8. Brown still has much of his sentence left to serve. He says that if released, he hopes to become a productive member of society and a positive role model to his children. *Id.* at 9.

### II. LEGAL STANDARD

A court may reduce a term of imprisonment pursuant to 18 U.S.C. section

3582(c)(1)(A) if, after considering the section 3553(a) factors, "extraordinary and compelling" reasons warrant reduction, and reduction is consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3553(a) (factors include: nature and circumstances of offense; defendant's history and characteristics; need for sentence imposed; available sentences for defendant; kinds of sentence and sentencing range for defendant's category of offense; need to avoid unwarranted sentence disparities among defendants with similar records convicted of similar conduct). A defendant who is not a danger to the community may be released if he demonstrates extraordinary and compelling reasons relating to his medical condition, age, family circumstances, or "other reasons" beyond or in combination with the aforementioned reasons, as determined by the BOP. *See* U.S. Sentencing Guidelines Manual § 1B1.13, Application Note 1 (U.S. Sentencing Comm'n 2018).

### III. DISCUSSION

Brown has exhausted his administrative remedies by requesting release from the warden more than thirty days ago.

To the extent that the motion seeks placement in home confinement rather than compassionate release, it is denied because placement decisions are made by the Bureau of Prisons and are not reviewable. *See United States v. Gray*, Case No. 4:12-CR-54-FL-1, 2020 WL 1943476 at *3 (E.D.N.C. April 22, 2020).

Brown's motion is denied. His hypertension, high cholesterol, and obesity do not constitute extraordinary and compelling circumstances, even in light of the COVID-19

outbreak at Forrest City. Further, he was given a long sentence not just because of his own drug use but also because of his supplying others with drugs. While the circumstances all inmates find themselves in right now are sympathetic, Brown's circumstances do not warrant release under the law.

## IV. CONCLUSION

For the forgoing reasons, Brown's motion for reconsideration [Doc. No. 445] is granted, and his motion for compassionate release [Doc. No. 437] is denied.

IT IS SO ORDERED this 2nd day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE